UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TABITHA M. SYNDRAM<br><br>Plaintiff,<br><br>-v-<br><br>FROST-ARNETT COMPANY, INC.<br><br>Defendant. | Case No. 3:18-cv-00505-JD-MGG<br><br><br>AMENDED COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff, Tabitha M. Syndram, for her first amended complaint against Frost-Arnett Company, Inc. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 *et seq.* ("IDCSA"), for Defendant's unlawful collection practices as described herein.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Northern District of Indiana and the events and/or omissions giving rise to the claims made herein occurred within the Northern District of Indiana.

## PARTIES

4. Plaintiff, Tabitha M. Syndram ("Ms. Syndram"), is a natural adult person residing in Mentone, Indiana, which lies within the Northern District of Indiana.

5. Ms. Syndram is a "consumer" as defined by § 1692a(3) of the FDCPA.

6. Ms. Syndram is a "person" as defined by I.C. 24-5-0.5-2(a)(2) of the IDCSA.

7. Defendant, Frost-Arnett Company, Inc., is a Tennessee corporation in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States. As such, Defendant regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its correspondences to consumers, Defendant identifies itself as a "debt collector."

9. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

10. Defendant is a "supplier" as that term is defined by I.C. 24-5-0.5-2(a)(3) of the IDCSA.

## FACTS SUPPORTING CAUSES OF ACTION

11. Due to her ongoing medical conditions, Ms. Syndram regularly seeks treatment from medical providers and has accumulated numerous debts, some of which remain outstanding.

12. Ms. Syndram owed one such medical debt to *Associated Pathologists LLC* in the amount of $1,221.00, for services it rendered to her (the "Subject Debt").

13. Following default, the Subject Debt was sold, assigned and/or transferred to Defendant for collection.

14. On or around March 26, 2018, Defendant mailed a dunning correspondence to Ms. Syndram attempting to collect the Subject Debt, but stated that the "Total Balance" was $1,753.71. A copy of the correspondence is attached to this complaint as Exhibit A (the "Collection Letter").

15. The Collection Letter was the initial communication Ms. Syndram received from Defendant concerning the Subject Debt.

16. As the initial communication concerning the Subject Debt, the Collection Letter contained the requisite debt verification rights notice, disclosed by Defendant to Ms. Syndram pursuant to 15 U.S.C. § 1692g (the "G-Notice"). *See* Exhibit A.

17. Despite containing the G-Notice, the Collection Letter demanded immediate payment from Ms. Syndram by stating, in relevant part:

> "Your account has been placed with this agency for collection. Please mail your remittance to our office so this matter may be resolved. If you are unable to pay in full at this time, you should contact this office to request payment arrangements." *See* Exhibit A.

> "Detach lower portion and return with payment." *See* Exhibit A.

18. A detachable payment coupon was included with the Collection Letter, forming the bottom portion of the letter, and an envelope was enclosed with the Collection Letter for Ms. Syndram to mail her payment. *See* Exhibit A.

19. Defendant's demand for immediate payment from Ms. Syndram within the Collection Letter overshadowed its disclosure of the G-Notice to her.

20. The Collection Letter also indicated that Ms. Syndram could go to Defendant's website at any time to make a payment via credit card. *See* Exhibit A.

21. On April 16, 2018, prompted by the Collection Letter, Ms. Syndram accessed Defendant's online portal to make a payment on the Subject Debt but became confused when the payment prompt indicated a "Total Amount Due" of $2,961.71 and that Defendant was additionally entitled to collect a $4.95 "Fee" if Ms. Syndram chose to make a payment via ACH or credit card (the "Processing Fee"). A screenshot of Defendant's online payment portal, dated April 16, 2018, is attached to this complaint as Exhibit B.

22. The Processing Fee is not expressly authorized pursuant to any underlying contract between Ms. Syndram and *Associated Pathologists, LLC*.

23. The Processing Fee constituted a false, deceptive and/or misleading representation to the extent it implied that Defendant could legally collect this amount of money from Plaintiff.

24. Confused and concerned after receiving the Collection Letter and accessing Defendant's payment website, Ms. Syndram spoke to her attorneys for assistance and clarification regarding her rights.

## DAMAGES

25. Ms. Syndram was misled by Defendant's collection activity.

26. Ms. Syndram justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted economic harm.

27. Due to Defendant's conduct, Ms. Syndram was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

28. After a reasonable time to conduct discovery, Ms. Syndram believes she can prove that all actions taken by Defendant as described in this amended complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

29. Due to Defendant's conduct, Ms. Syndram is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### *15 U.S.C. §§ 1692e, e(2)(A), e(10), f, f(1) and g(b)*

30. All prior paragraphs are incorporated into this count by reference.

31. The FDCPA states, in relevant part:

    "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §§ 1692e, e(2)(A) and e(10).

    "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. §§ 1692f and f(1).

    "Collection activities and communications that do not otherwise violate this title may continue during the thirty-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the thirty-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."  15 U.S.C. § 1692g(b).

32. Defendant violated 15 U.S.C. §§ 1692e, e(10), f and g(b) in sending the Collection Letter to Plaintiff.  By demanding immediate payment from Plaintiff within the Collection Letter – and then again within thirty (30) days of Plaintiff receiving the G-Notice in connection with the Subject Debt when Plaintiff accessed Defendant's payment portal – Defendant's collection activity was

5

inconsistent with, and overshadowed, Plaintiff's rights under the FDCPA. As such, Defendant used abusive, deceptive and unfair means in connection with its collection of the Subject Debt.

33. As Plaintiff had no prior contractual relationship or dealings with Defendant whatsoever, Plaintiff was justifiably confused and skeptical of the collection communications in relation to her rights under § 1692(g) of the FDCPA.

34. As an experienced debt collector, Defendant knows that its representations to consumers concerning their rights under the FDCPA are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive. Defendant also knows that it must afford each consumer an opportunity to exercise his or her debt verification rights within the allotted thirty (30) day time period without excessive or inconsistent collection activity or communication with the consumer.

35. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10) and f and f(1) in representing that Plaintiff would be charged the Processing Fee if she chose to pay via credit card using Defendant's online portal. Defendant's charging of the Processing Fee is not authorized per agreement or otherwise, and therefore, Defendant was not legally entitled to collect it from Plaintiff. For Defendant to represent otherwise, as seen on the online portal, constitutes a false, deceptive and/or misleading representation to the extent it implied that Defendant could legally collect the Processing Fee from Plaintiff.

36. As an experienced debt collector, Defendant knows that its representations to consumers concerning the alleged debt owed and the consumer's rights under the FDCPA are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

37. As Plaintiff had no prior contractual relationship or dealings with Defendant whatsoever, Plaintiff was justifiably confused and skeptical of the Collection Letter and the online portal in relation to the Processing Fee and the amount of money she ultimately owed Defendant.

38. As set forth in paragraphs 25 through 29 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

<u>**COUNT II**</u>
<u>**VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT**</u>
<u>***I.C. 24-5-0.5-3(a) and (b)(20)***</u>

39. All prior paragraphs are incorporated into this count by reference.

40. The IDCSA states, in relevant part:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)." I.C. 24-5-0.5-3(b)(20).

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

41. Defendant's collection activity in connection with the Subject Debt is a "consumer transaction" as that term is defined by the IDCSA at I.C. 24-5-0.5-2(a)(1)(C).

42. Defendant engaged in unfair, abusive, and deceptive conduct in its transactions with Plaintiff, in violation of I.C. 24-5-0.5-3(a) and (b)(20), by, *inter alia*: (i) representing that Plaintiff would owe the Processing Fee if she chose to pay via credit card through Defendant's online portal; (ii) the inconsistency of the amount owed in correlation to the amount listed in the Collection Letter versus the online portal; (iii) demanding immediate payment from Plaintiff within the Collection Letter – and then again within thirty (30) days of Plaintiff receiving the G-Notice in connection with the Subject Debt when Plaintiff accessed Defendant's payment portal; and (iv) failing to properly notify Plaintiff of her rights to dispute the Subject Debt.

43. Defendant intended that Plaintiff rely on its unlawful communications in order to procure immediate payment of the Subject Debt and/or prevent Plaintiff from exercising her rights. As such, Defendant committed a "willful deceptive act" as that term is used and/or contemplated within the IDCSA.

44. As set forth in paragraphs 25 through 29 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

45. Plaintiff is therefore entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Tabitha M. Syndram, respectfully requests that this Court enter judgment in her favor as follows:

    A. Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1) and I.C. 24-5-0.5-4(a)(1)(2);

    B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

    C. Awarding Plaintiff statutory damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

E. Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 18th day of October, 2018.                        Respectfully Submitted,

                                                                                           /s/ Geoff B. McCarrell
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Counsel for Plaintiff*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                                         /s/ Geoff B. McCarrell
Geoff B. McCarrell #0086427
CONSUMER LAW PARTNERS, LLC

## **CERTIFICATE OF SERVICE**

  I hereby certify that, on October 18, 2018, a copy of the foregoing *Amended Complaint* was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.  Parties may access this filing through the court's system.  A copy of the foregoing *Amended Complaint* was also served upon Defendant's counsel via electronic mail and regular U.S. mail delivery to:

> Jennifer J. Kalas, Esq.
> Hinshaw & Culbertson LLP
> 322 Indianapolis Blvd, Suite 201
> Schererville, IN 46375
> jkalas@hinshawlaw.com

              */s/ Geoff B. McCarrell*
              Geoff B. McCarrell #0086427
              CONSUMER LAW PARTNERS, LLC